IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CAROLINE MITCHELL,
   Plaintiff,

   v.

WEST END MEDICAL CENTERS, INC.,
   Defendant.

CIVIL ACTION FILE
NO. 1:12-CV-1360-TWT

OPINION AND ORDER

This is an action under the Americans with Disabilities Act. It is before the Court on the Defendant's Motion for Partial Summary Judgment [Doc. 18]. For the reasons set forth below, the Defendant's motion is DENIED.

I. Background

Plaintiff Caroline Mitchell was employed as a facility technician by Defendant West End Medical Centers, Inc. ("West End") from December 8, 2007 through June 4, 2010, when she was terminated. After her termination, Mitchell filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued Mitchell a right-to-sue letter on August 31, 2011. Mitchell contends she never

received that letter and only learned of its dispatch when she went to the local EEOC office on January 23, 2012. That same day, the EEOC re-sent the right-to-sue letter, and Mitchell filed her complaint on April 24, 2012. West End's motion for partial summary judgment contends that Mitchell's claim is time-barred because she did not file suit within 90 days of receiving her right-to-sue notice.

## II.  Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III.  Discussion

The ADA provides that a plaintiff must file suit within 90 days after receiving the EEOC's right-to-sue notice.  42 U.S.C. § 2000e-5(f)(1); see 42 U.S.C. § 12117(a) (stating that 42 U.S.C. § 2000e-5 applies to cases of discrimination on the basis of disability).  "[T]he 90 day time period commences . . . upon receipt, and not upon the mailing of the right-to-sue notice."  Norris v. Florida Dept. of Health and Rehabilitative Services, 730 F.2d 682, 683 (11th Cir. 1984); Brown v. Consolidated Freightway, 152 F.R.D. 656, 658 (N.D. Ga. 1993) ("it is the. . .well established authority of this circuit that federal complaints filed even one day after the expiration of this 90 day period are untimely and, accordingly, subject to dismissal pursuant to a motion for summary judgment.").  Further, the Plaintiff "has the burden of establishing that [she] met the ninety day filing requirement."  Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002) (citing Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982)).

Here, the Plaintiff states she did not receive the right-to-sue letter sent to her on August 31, 2011, and that the 90 day window should not have commenced until she received the letter re-sent on January 23, 2012.  The Plaintiff attributes her lack of receipt to a post office error and asserts that her husband, who checks the post office box where the EEOC letter was sent, would have notified her of any EEOC

correspondence and had nonetheless provided her with all mail sent to that address. (See Mitchell Decl. ¶¶ 8-9). The Plaintiff relies on Underwood v. City of Fort Myers, 890 F. Supp. 1018, 1021 (M.D. Fla. 1995), to support her assertion that the ninety day deadline should be tolled to account for her non-receipt of the August 2011 right-to-sue letter.

In Underwood, the plaintiff filed her complaint three months after the ninety day window following the receipt of an EEOC right-to-sue letter would have closed. However, the plaintiff contended she had not received the right-to-sue letter, which had been sent by the EEOC on December 27, 1992. Because the plaintiff had not heard from the EEOC by March of 1993, she contacted the EEOC office and was informed that a right-to-sue letter had been sent in late December. Through her attorney, she wrote to the EEOC, stated she had not received the right-to-sue letter, and requested that it be re-sent. The plaintiff received the re-sent letter on March 26, 1993, and filed her complaint within ninety days of that date. The court concluded that "reasonable grounds exist for an equitable tolling of the ninety (90) day filing period" and held that the plaintiff's discrimination claims were not time-barred. Id. at 1022.

The facts in Underwood are nearly identical to the facts here. Mitchell, like the plaintiff in Underwood, contends she did not receive the original right-to-sue letter

sent by the EEOC and supports her contention with an affidavit. Like the plaintiff in Underwood, Mitchell contacted the EEOC after not hearing from the local office for an extended period. Mitchell's correspondence with the EEOC in this respect is corroborated by a letter sent to Mitchell from the EEOC on January 23, 2012, enclosing the letter originally sent on August 31, 2011. (See Mitchell Decl. Ex. B). Further, both Mitchell and the plaintiff in Underwood filed suit within ninety days of receiving the re-sent notice. Indeed, the only difference between this case and Underwood appears to be the fact that the plaintiff in Underwood had an attorney contact the EEOC after she learned of the lost letter while the Plaintiff here did not correspond further with the EEOC after visiting it on January 23, 2012.[1] Accordingly, the Court concludes the Plaintiff has provided sufficient evidence to show that there is an issue of fact with respect to whether she received the first right-

---

[1] West End contends that Underwood is distinguishable because the affidavit in that case stated that the EEOC letter was not sent until after the plaintiff's attorney contacted the EEOC. However, that fact does not render the case inapposite. The plaintiff's affidavit in Underwood stated that a "copy of the Determination and Right to Sue letter was not mailed to and received by me until March 26, 1993." Underwood, 890 F. Supp. at 1022. Here, Mitchell states she "never received a copy of the [August 2011] notice after it was initially mailed." (Mitchell Decl. ¶ 7). The fact that the Plaintiff's affidavit here does not state that the EEOC did not mail something does not outweigh the similarities between this case and Underwood. The important similarities between both cases are that the plaintiffs in both cases provided affidavits stating that they did not receive the right-to-sue letter, that they subsequently contacted the EEOC, and that they filed suit within 90 days of receiving a re-sent right-to-sue letter.

to-sue letter and whether her complaint was timely filed.  The Defendant's motion for partial summary judgment should therefore be denied.

## IV.  Conclusion

For the reasons set forth above, the Defendant's Motion for Partial Summary Judgment [Doc. 18] is DENIED.

SO ORDERED, this 22 day of May, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge